NO. 07-10-00152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2010

_____

KANAYO EUGENE UBESIE, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF NAVARRO COUNTY;

NO. 61,354; HONORABLE JOHN JACKSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATE AND REMAND**

Appellant, Kanyao Eugene Ubesie, Jr., has filed notice of appeal of his conviction by jury of the offense of driving while intoxicated, and sentence of 180 days confinement in the Navarro County Jail and $1,000 fine. The sentence of incarceration was suspended and appellant was placed on community supervision for a period of two years. The clerk's record was filed on April 30, 2010. Included within the clerk's record is the trial court's certification of defendant's right of appeal.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt

or other appealable order. TEX. R. APP. P. 25.2(a)(2); <u>Hargesheimer v. State</u>, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. <u>Dears v. State</u>, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

The certification contained in the clerk's record in this case states that this was not a plea-bargain case, and that appellant has the right of appeal. However, the certification does not reflect whether a copy of the certification was given to appellant, and does not include the written admonishments that must be given to appellant. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.

2

necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before October 11, 2010.

This order constitutes notice to all parties of the defective certification, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. <u>See</u> TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. <u>See</u> TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.